EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ADVIENTO CANDELARIA, acusado y apelante.

*Número:* CR-74-76    *Resuelto:* 14 de marzo de 1975

*Santos P. Amadeo, Baltazar Quiñones Elías* y *César Vélez González,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Josefa Román García, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: El apelante, operador de un taller de mecánica que él llama *junker* dedicado a la compra de carros usados que reparaba y vendía restaurados, fue convicto por

tribunal de derecho en dos casos por infracción del Art. 438 del anterior Código Penal([1]) consistentes en recibir varias herramientas de mecánica hurtadas a Herminio Amador y un motor de bote hurtado a Osvaldo Martínez. La Sala de Arecibo lo sentenció a penas concurrentes de dos meses de cárcel en el delito menos grave y de uno a tres años de presidio en el mayor, cuyas sentencias suspendió, dejando al acusado bajo un régimen de libertad a prueba.

En su recurso señala como errores:

(1) la invalidez de su renuncia del derecho a juicio por jurado; y (2) insuficiencia de la prueba.

(1) Al iniciarse el juicio en el que representaron al acusado los mismos abogados que traen el recurso de apelación, uno de ellos trasmitió al tribunal la renuncia al derecho a juicio por jurado en incidente que ocupa las páginas dos a la cuatro de la transcripción de la evidencia, así:

"LIC. QUIÑONES ELÍAS:

En este caso, después de conferenciar con el acusado y de explicarle la diferencia que hay entre ver un caso por Jurado o verlo por Tribunal de Derecho, nos ha manifestado su intención de renunciar al jurado voluntariamente, sin que haya mediado coacción o amenaza de clase alguna y desea que su caso se vea por Tribunal de Derecho.

HON. JUEZ:

Señor Candelaria, usted está conforme, según ha dicho el Lic. Baltazar Quiñones Elías, quien es uno de sus abogados, que sea yo quien lo juzgue en este caso?

ACUSADO: Sí, señor.

HON. JUEZ:

Usted renuncia al jurado?

R Sí, señor.

P Usted ha hablado con sus abogados?

---

([1]) Art. 438 C.P.—33 L.P.R.A. sec. 1693.

"Toda persona que por lucrarse, o para impedir que el dueño vuelva a poseerla, comprare o recibiera alguna cosa mueble, sabiendo que fue hurtada, incurrirá en pena de presidio por un término máximo de cinco años, cuando el valor de la cosa fuere cincuenta (50) dólares o más; . . . ."

R Sí, señor.
P Luego ha tomado esa decisión?
R Sí, señor.
P Usted conoce la diferencia entre ser juzgado por jurado y ser juzgado por Tribunal de Derecho?
R Sí, señor.
P Los abogados se lo explicaron?
R Tengo entendimiento sobre eso.
P Ellos se lo explicaron?
R Sí, señor.
P Usted entendió esa explicación?
R Si, señor."

Es en cierto sentido admirable el entusiasmo con que los abogados que asistieron al acusado en su renuncia al jurado comparecen ahora a cuestionar la validez de su propia actuación profesional pues era de su responsabilidad la inteligente percepción por su cliente del derecho que renunciaba.

■ Nos limitaremos por ahora a resolver que es enteramente válida y suficiente en derecho la renuncia al jurado, ajustada a la R.P.C. 111 y a la consistente jurisprudencia de este Tribunal que en *Pueblo* v. *De Jesús Cordero*, 101 D.P.R. 492 (1973) dijo:

"Para juzgar correctamente el grado de inteligencia y espontaneidad en la renuncia por el acusado de su derecho constitucional a juicio por jurado no hay mejor criterio que la expresión de su abogado en corte abierta junto a su defendido, al efecto de que ha consultado y ponderado con su cliente en línea con los mejores intereses de la defensa, la alternativa de ir a juicio por jurado o por tribunal de derecho. No puede haber una comunicación y explicación más asequible para el acusado que la trasmitida por su abogado con antelación al juicio, libre del formulismo, la tensión y la rigidez del acto solemne de renuncia escenificado en el tribunal. Insistimos en que los tribunales antes de aceptar una renuncia al juicio por jurado, en estricta observancia de la Regla 111 de Procedimiento Criminal, se cercioren de que el acusado está actuando libre, espontánea e inteligentemente, como salvaguarda adicional de ese preciado derecho, aun cuando no como sustituto del deber del abogado de

informar o instruir a su cliente llegando a él por sobre sus limitaciones intelectivas, con un mensaje claro y comprensible de la trascendencia de esa renuncia."

■ (2) Inmerso en igual frivolidad resulta el señalamiento que impugna la suficiencia de la prueba. El juez de instancia creyó la prueba de cargo y no consideramos que las contradicciones sobre aspectos secundarios de la imputación delictiva justificaran otro resultado, como tampoco fue cómplice que requiriera corroboración el testigo Luis Reyes, ya que no estaba sujeto a proceso por infringir el citado Art. 438 del Código Penal.

*Se dictará sentencia confirmando las sentencias dictadas el 31 de enero de 1969, por el Tribunal Superior, Sala de Arecibo.*